UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>CAMPBELL CONCRETE OF NEVADA, INC., et al.,<br><br>          Defendants. | 2:11-CV-00559-PMP-CWH<br><br>ORDER |

Before the Court is Defendants' Motion in Limine No. 1 to Exclude Any Evidence Regarding Steven Campbell's Financial Resources and Amount Paid for the Dissolved Corporations (Doc. #102). Plaintiff filed an Opposition (Doc. #110).

Defendants move to exclude any evidence related to Steven Campbell's financial resources and the $84 million sales price for the dissolved corporations. The Court will grant this Motion. Steven Campbell's financial resources are irrelevant to any issue in the case, and discussion of his personal wealth would be unfairly prejudicial. Additionally, the $84 million sales price is irrelevant and similarly prejudicial. As discussed in a separate Order filed this date, whether the corporate Defendants "properly" dissolved is not an issue in this case. Moreover, even if the corporate Defendants improperly dissolved such that the dissolutions were void, evidence of the $84 million sales price still would be unfairly prejudicial because Plaintiff could elicit testimony that the dissolved corporations were sold and that the sales price could have covered the amount Plaintiff contends it is owed without telling the jury the sales price was $84 million. Accordingly, Plaintiff may not elicit

testimony regarding Steven Campbell's personal wealth or that the dissolved corporations were sold for $84 million.

Plaintiff seeks affirmative relief in its Opposition to exclude evidence or argument that Plaintiff forgot to file a claim in BMHC's bankruptcy, that Plaintiff communicated with Defendants only after BMHC filed for bankruptcy, or that Plaintiff sent no invoices and Defendants were unaware of the claims. However, there is no opportunity for Defendants to reply to new arguments raised for the first time in Plaintiff's Opposition to Defendants' Motion in Limine. The Court therefore denies the relief Plaintiff requests in its Opposition.

IT IS THEREFORE ORDERED that Defendants' Motion in Limine No. 1 to Exclude Any Evidence Regarding Steven Campbell's Financial Resources and Amount Paid for the Dissolved Corporations (Doc. #102) is hereby GRANTED.

DATED: December 3, 2013

_____
PHILIP M. PRO
United States District Judge