UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAMPBELL CONCRETE OF NEVADA, INC., et al.,<br><br>　　　　Defendants. | 2:11-CV-00559-PMP-CWH<br><br>ORDER |

Before the Court is Defendants' Motion in Limine No. 2 to Exclude Any Evidence Regarding Any Impropriety in the Corporate Structure of the Defendant Entities (Doc. #103). Plaintiff filed an Opposition (Doc. #111). Also before the Court is Defendants' Motion in Limine No. 3 to Exclude Any Evidence that the Defendant Corporations Were Not Property Dissolved (Doc. #104). Plaintiff filed an Opposition (Doc. #109).

Defendants move to exclude any evidence or argument that there was some impropriety in the way the dissolved corporations were structured, sold, or dissolved. Defendants argue there is no evidence these entities were improperly structured, sold, or dissolved without providing for liabilities owed at the time of dissolution. Defendants argue the dissolved corporations provided for any debts owed through the sale of assets to BMHC and BMHC had substantial assets at the time of sale. Additionally, Defendants note that the Court already has ruled Steven Campbell is not liable as the president, director, or

shareholder of the dissolved corporations.  Defendants also move to exclude argument or evidence that Defendants did not properly dissolve because they failed to notify Assurance of the dissolution.  Defendants argue neither California nor Nevada law require a corporation to notify its creditors prior to dissolution.

        Plaintiff responds by arguing that the Policies at issue do not allow a transfer of the insured's obligations without Plaintiff's written consent.  Plaintiff argues it never gave consent for Defendants to transfer their obligations under the Policies to BMHC.  Plaintiff contends that because it was a known creditor at the time of dissolution, Defendants were obligated under the law to notify Plaintiff of their dissolution prior to dissolving, and to adequately provide for their obligations to Plaintiff.  Plaintiff contends there is no issue of fact that Defendants did not notify Plaintiff pre-dissolution, and factual questions remain for the jury as to whether Defendants adequately provided for their obligations to Plaintiff.  Plaintiff argues that if Defendants did not meet these requirements for dissolution, the dissolutions are void as to creditors like Plaintiff whose rights are prejudiced.

        As an initial matter, nothing in Defendants' two Motions seeks to preclude Plaintiff from arguing that Defendants could not transfer any liabilities under the Policies to BMHC pursuant to the contractual clause that prohibits transfers without Plaintiff's written consent.  Consequently, whether Plaintiff consented to transfer of the obligations under the Policies remains a live issue for trial.

        However, whether the corporations "properly" dissolved is not relevant to any issue remaining for trial.  This Court already ruled that Steven Campbell has no liability as a director or shareholder of the dissolved corporations.  (Order (Doc. #43) at 7-10.)  Plaintiff's Motion essentially seeks reconsideration of that ruling, as Plaintiff contends that if the corporate Defendants did not "properly" dissolve, then Plaintiff may obtain judgment against Steven Campbell as director or shareholder of the dissolved entities.  The Court declines to reconsider its prior ruling.

At common law, a corporation's dissolution immediately extinguished any claims by or against a corporation. Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Ct. ex rel. Cnty. of Clark, 97 P.3d 1132, 1136 (Nev. 2004). This led to unjust results, and consequently courts reacted by judicially creating a "trust fund" theory which imposed a fiduciary duty on directors to ensure corporate debts were paid, and shareholders held any distributed corporate assets subject to an equitable lien against unpaid claims. Id. State legislatures also reacted by enacting survival statutes which statutorily extended the life of the corporation to wind up its affairs. Id. These statutes sought to "balance the corporation's rights to finalize its business, the creditor's rights to be paid amounts due, the shareholder's rights to receive distributions free of claims, and the claimant's rights to be paid for legitimate harm caused by the corporation." Id.

Many states adopted the Model Business Corporations Act, but Nevada adopted only part of the Act. Nevada did not adopt those provisions requiring a dissolving corporation to notify its creditors of dissolution. Id. at 1137 & n.24 (suggesting the proponents of Nevada's dissolution statute "failed to advise the Legislature that Section 105 was part of a larger scheme. Consequently, the Legislature did not enact the notice proceedings required by other portions of the 1969 Model Act, a key feature necessary to the rationale behind the proper operation of Section 105"). Although Nevada amended its corporate dissolution statute in 2011, it did not add a requirement that the dissolving corporation notify creditors. See Nev. Laws 2011, c. 455 (S.B. 405). California likewise does not have a specific statutory provision requiring a dissolving corporation to notify its creditors of dissolution.

No Nevada or California court has implied a duty to notify. A District of Minnesota case interpreting Nevada law, Soo Line R. Co. v. B.J. Carney & Co., held that there is an implied duty under Nevada law to notify creditors of dissolution. 797 F. Supp. 1472, 1478 (D. Minn. 1992). Soo Line further held that failure to follow the dissolution

requirements, including the implied duty to notify and the express duty to adequately provide for liabilities, "voids the dissolution as to creditors whose rights have been prejudiced thereby." Id. Soo Line cited other cases which have reached similar results, although those states had explicit statutory notice requirements. See, e.g., Mejia v. Ruiz, 985 So.2d 1109, 1114 (Fla. Ct. App. 2008) (discussing requirements in the context of a fraudulent transfer action); Univ. of Alaska v. Thomas Architectural Prods., Inc., 907 P.2d 448, 453 (Alaska 1995) (holding provision abating claims against dissolved corporation after two years does not bar claims by a known creditor who the corporation failed to notify); Alpine Prop. Owners Ass'n., Inc. v. Mountaintop Dev. Co., 365 S.E.2d 57, 64-65 (W. Va. 1987) (holding creditor was prejudiced by corporation's failure to comply with statutory notice requirement because creditor was unaware the limitations period was running, and consequently the corporation's "de jure corporate dissolution is void as to [the creditor] and [the creditor's] claims are not barred by the two-year limitation period"); S.C. Dep't of Soc. Servs. v. Winyah Nursing Homes, Inc., 320 S.E.2d 464, 468 (S.C. Ct. App. 1984) ("Failure to strictly comply with the mandates of the dissolution statutes effectively continues the corporation with respect to creditors whose rights are prejudiced by the noncompliance.").

Neither California nor Nevada statutorily require notice, and neither state statutorily provides that failure to follow the statutory requirements for dissolution makes dissolution void as to a creditor prejudiced thereby. To reach the result proposed by Plaintiff, the Court would have to imply a notice requirement, imply the remedy that failure to comply makes the dissolution void as to a prejudiced creditor, and further imply that a trustee who failed in his wind up obligations and/or a shareholder who received distributed assets are liable to the prejudiced creditor beyond the limitations periods set forth in the statutes. As discussed in the Court's prior Order, the California and Nevada statutes set forth the liability of directors and shareholders of dissolved corporations. If those

provisions create unjust results, the state legislatures, not this Court, must make any changes.

As a result, whether the corporate Defendants "properly" dissolved is no longer a relevant issue in this case.  Because none of the corporate Defendants have asserted a statute of limitations defense, whether they "properly" dissolved is irrelevant as to their potential liability.  Further, because Steven Campbell is not liable as a director and shareholder of the dissolved corporations, as explained more fully in this Court's prior Order, whether the corporate entities "properly" dissolved is irrelevant to Steven Campbell's liability as a director or shareholder of the dissolved corporations.  Accordingly, Plaintiff is precluded from presenting evidence or argument at trial that the corporate Defendants were not properly dissolved.

However, Steven Campbell was the sole proprietor of co-Defendant SRC Sole Proprietorship and the trustee of Defendant Campbell Family Trust.  This Order has no bearing on whether Steven Campbell may be liable to Plaintiff in those capacities.

IT IS THEREFORE ORDERED that Defendants' Motion in Limine No. 2 to Exclude Any Evidence Regarding Any Impropriety in the Corporate Structure of the Defendant Entities (Doc. #103) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion in Limine No. 3 to Exclude Any Evidence that the Defendant Corporations Were Not Property Dissolved (Doc. #104) is hereby GRANTED.

DATED: December 3, 2013

_____
PHILIP M. PRO
United States District Judge