UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CAMPBELL CONCRETE OF NEVADA, INC., et al., <br><br> Defendants. | 2:11-CV-00559-PMP-CWH <br><br> <u>ORDER</u> |

Presently before the Court is Plaintiff Assurance Company of America's Motion in Limine (Set One) (Doc. #100). Defendants filed a Response (Doc. #106), supported by a Request for Judicial Notice (Doc. #108). Plaintiff moves to exclude Defendant Stephen R. Campbell and insurance broker Glen Nelson's testimony on a variety of issues. For the reasons explained in this Order, the Court will deny this Motion.

**A. Stephen R. Campbell**

Plaintiff moves to exclude Defendant Steven R. Campbell's ("Campbell") testimony regarding his understanding at the time of contracting of the named insureds' deductible obligations under the insurance policies at issue. Given that Campbell had approval authority for Defendants with respect to the purchase of the policies, he may testify as to his understanding of the policies at the time of contracting. To the extent Campbell's testimony varies from his deposition testimony or he testifies regarding matters outside his personal knowledge, Plaintiff may make appropriate objections in the context of the evidence offered or raise these issues on cross-examination.

**B.  Glen Nelson**

Plaintiff moves to exclude insurance broker Glen Nelson's ("Nelson") testimony as to his understanding of the named insureds' deductible obligations, arguing this testimony would constitute a legal conclusion, and Nelson is a lay witness.  Plaintiff further moves to exclude Nelson's testimony regarding whether Plaintiff's treatment of the policies at issue in this case varies from other insurers' standard business practices because Nelson is not an expert witness.  Finally, Plaintiff moves to exclude Nelson's testimony as to whether he had an agency relationship with Plaintiff and/or Defendants.

Given that Nelson negotiated the policies, his understanding regarding the named insureds' deductible obligations and whether Plaintiff's treatment of the policies diverged from standard industry practice bore on his negotiation and therefore is relevant and admissible.  To the extent Nelson offers legal conclusions regarding the named insureds' liability for deductibles or offers testimony regarding the insurance industry that is beyond his percipient knowledge, Plaintiff may renew its motion at trial in the context of the evidence offered.  Regarding Nelson's testimony as to whether he had an agency relationship with Plaintiff and/or Defendants, Nelson's understanding of his relationship with the parties is relevant and admissible.  To the extent Plaintiff believes Nelson gives an inaccurate description of his relationship with the parties, at trial Plaintiff may cross-examine Nelson regarding his understanding of the legal concept of agency and present evidence undermining Nelson's testimony.

IT IS THEREFORE ORDERED that Plaintiff Assurance Company of America's Motion in Limine (Set One) (Doc. #100) is hereby DENIED.

DATED:  December 3, 2013

_____
PHILIP M. PRO
United States District Judge