UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAMPBELL CONCRETE OF NEVADA, INC., et al.,<br><br>　　　　　Defendants. | 2:11-CV-00559-PMP-CWH<br><br>ORDER |

Presently before the Court is Plaintiff Assurance Company of America's Motion in Limine (Set Two) (Doc. #101). Defendants filed an Opposition (Doc. #107).

Plaintiff moves to exclude evidence or argument regarding various issues related to the sale of the companies' assets and liabilities to BMHC and the parties' subsequent dealings. Plaintiff further moves to exclude certain testimony of attorney David Sunkin, who was involved in the sale to BMHC. Finally, Plaintiff moves to exclude certain evidence regarding its administration of claims under the Policies. For the reasons explained in this Order, the Court will deny the Motion in part and will reserve ruling on the Motion in part.

**A. Sale to BMHC**

Plaintiff moves to exclude evidence or argument that Plaintiff's consent was not required for Defendants to sell the companies' assets and liabilities to BMHC or to enter into the Purchase and Sale Agreement ("PSA"). Plaintiff also moves to exclude evidence or argument that Plaintiff sent invoices to BMHC rather than Defendants after the sale, that

Plaintiff cooperated with BMHC to collect deductible payments, and that Plaintiff did not remind Defendants regarding their deductible obligations after the sale to BMHC.  Plaintiff further moves to exclude evidence or argument that Defendants no longer were responsible for the deductibles based on the PSA because the Policies require written acceptance of a transfer of obligations.  Plaintiff's arguments regarding this evidence go to the weight, not the admissibility, of the evidence.  At trial, Plaintiff is free to present argument regarding how it believes this evidence should be interpreted.  The Court therefore will deny Plaintiff's Motion as to this evidence.

**B.  David Sunkin**

Plaintiff moves to exclude attorney David Sunkin's ("Sunkin") testimony that the asset sale to BMHC releases Defendants from continuing liability under the Policies, arguing this amounts to a legal conclusion beyond the scope of permissible lay testimony.  The Court agrees and will not allow Sunkin to offer such an opinion at trial.  Defendants, however, respond that Sunkin only will testify as a fact witness regarding what was done and why it was done, the defendant entities, the PSA, and Sunkin's communications with Assurance, BMHC, and other third parties.  To the extent Sunkin offers legal conclusions or testimony that is beyond his percipient knowledge, Plaintiff may renew its motion at trial in the context of the evidence offered.  The Court therefore will deny without prejudice Plaintiff's Motion as to Sunkin.

**C.  Claims Administration**

Plaintiff moves to exclude evidence and argument disputing Plaintiff's administration of claims under the Policies.  According to Plaintiff, it would impose undue burden on the Court and significantly prolong the trial if Defendants were allowed to challenge the claims on a claim-by-claim basis.  Defendants respond that Plaintiff bears the burden of proving its damages and that the amount of the invoices is disputed.  Late yesterday, the parties filed their Trial Briefs and Proposed Jury Instructions, which do not

address this issue.  Hence, the Court will hear argument regarding this issue at the Pretrial Conference set for Thursday, December 5, 2013, at 1:30 p.m. in Las Vegas Courtroom 4B. The Court therefore will reserve ruling on this issue at this time.

IT IS THEREFORE ORDERED that Plaintiff Assurance Company of America's Motion in Limine (Set Two) (Doc. #101) is hereby DENIED in part.

IT IS FURTHER ORDERED that the Court will hear argument regarding the damages issue at the Pretrial Conference set for Thursday, December 5, 2013, at 1:30 p.m. in Las Vegas Courtroom 4B.

DATED:  December 3, 2013

_____
PHILIP M. PRO
United States District Judge